In the Matter of the Claim of HERBERT SIKES, Respondent, against CRAWFORD FURNITURE CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and its insurance carrier appeal from a decision of the Workmen's Compensation Board affirming a referee's decision, which awarded claimant compensation for permanent partial disability on account of reduced earnings and continued the case for consideration of subsequent reduced earnings. Claimant was a saw filer and knife grinder for the employer. About April 16 or 18, 1947, he fell on a stairway while carrying several saws, striking across his lower back and hip. Seemingly he did not realize that he had been injured by the fall. He asked the nurse for aspirin and continued work. No report of the accident was made or claim filed for several months. In the meantime he visited physicians on June 9, June 11 and August 18, 1947, and was in a hospital, but gave no history of the fall.. One of such physicians was Dr. Dispenza, who had treated him for back trouble on three occasions in January, 1947, when his condition was diagnosed as hypertrophic arthritis of the spine and lower back with generalized arthritis over the entire body. That doctor had no information of claimant's fall until he was before the referee on April 22, 1948. In testifying then concerning his examination of claimant in June, 1947, he stated that the complaints as well as his physical findings were essentially the same as in the preceding January, with no change in condition. Substantial medical testimony, other than that of Dr. Dispenza, attributed claimant's back pains to an intervertebral disc protrusion or the aggravation of such a condition, with causal relationship to the accident. One of the physicians so testifying was an impartial specialist designated by the board. By decision of March 24, 1950, the board held that " claimant's condition was aggravated by the accident of April 15, 1947 ", and restored the case to the referee's calendar for further evidence on the period and degree of causally related disability. On May 26, 1950, an operation on claimant disclosed no disc protrusion. At subsequent hearings three medical witnesses testified that they could find no causal relationship between the fall and the pains of which claimant complained. One of these was the operating surgeon, who had previously made a diagnosis of disc protrusion. Another was the same impartial specialist. Further decision of a referee awarded compensation for various periods of reduced earnings from August 15, 1950, to May 9, 1952, continuing the case for consideration of ensuing reduced earnings. The referee's action was affirmed by the board in its decision of February 6, 1953, from which this appeal is taken. The board found that on or about April 16 or April 18, 1947, claimant " sustained accidental injuries in the nature of aggravation of a pre-existing arthritis or intervertebral disc, with pain." The above and additional awards were paid up to August 15, 1950. Appellants' sole contention upon this appeal is that the record shows clearly that there was no substantial evidence after that date of causally related disability, but substantial evidence to the contrary. Obviously the accident could not have caused or aggravated a nonexistent disc protrusion. All evidence received after the operation on claimant negated any causally related disability beyond August 15, 1950. There was no medical evidence received after the date of the operation supporting the finding of " aggravation of a pre-existing arthritis or intervertebral disc ". Nor, reading the record as a whole, was there substantial medical evidence that an aggravation of a pre-existing arthritic condition was consequent upon the accident. Dr. Dispenza's testimony, read in context, was uncertain and spec-

ulative as to such causal relationship. Decision reversed and matter remitted to the Workmen's Compensation Board for further consideration, without costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.